UNITED STATES DISTRICT COURT

FILED

JUN 0 3 2009



DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| APOLONIO MORENO, | * | CIV 09-4044 |
| Petitioner, | * | MEMORANDUM OPINION AND ORDER |
| -vs- | * | |
| ARCHIE B. LONGLEY, Warden, Yankton Prison Camp, | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Apolonio Moreno, a prisoner at the Yankton Prison Camp, has filed with this Court his application for Habeas Corpus relief under 28 U.S.C. § 2241. For the reasons stated below the application for habeas relief is denied.

Petitioner contends that he is entitled to habeas relief based on the enhancement of his sentence for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) and that this provision was unconstitutionally applied. In his second appeal to the Eighth Circuit Court of Appeals, Petitioner attempted to raise a firearm enhancement issue but was prohibited from doing so since he had not raised the issue in his first appeal. *See United States v. Moreno*, 2004 WL 602391 (8th Cir. March 24, 2004). Although Petitioner filed a petition under 28 U.S.C. § 2255 before his sentencing court, Petitioner does not report in his 2241 application that he raised the firearm enhancement issue in his § 2255 Petition nor does he provide any reason why he could not have raised the issue at the time he filed his § 2255 Petition. A prisoner such as Petitioner cannot raise in a habeas petition filed in the district of his incarceration an issue which could have been or was actually raised in the motion to vacate which was filed in his sentencing district. *See Hill v. Morrison*, 349 F.3d 1089 (8th Cir. 2003).

Petitioner also contends that the Warden and other prison officials have refused to give him credit for time served between January 2, 1997, and his commitment to the Federal Correctional

Institute at Sandstone on October 24, 2000, and that this resulted in his "being unconstitutionally held longer than the district court ordered." The applicable statute, 18 U.S.C.A. § 3585 (b), provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

The Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). In addition, the Attorney General is responsible for computing credit for prior custody under § 3585(b). *See United States v. Wilson,* 503 U.S. 329, 334 (1992). Federal prisoners are entitled to administrative review of the computation of their credits, and after properly exhausting his administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006).

In this case, Petitioner has not made allegations that demonstrate either that he has exhausted his administrative remedies on the issue of credit for prior custody or that the Bureau of Prisons was inaccurate in its computations. Petitioner has attached to his Petition an Inmate request to Staff in which Petitioner states: "Per our conversation regarding time served credit, would you please give me a dated and signed account of the periods I received credit and the periods you are not authorized to credit. I would like this account to have a BOP or Yankton FPC letter head." In response to this Request the Bureau of Prisons staff explained:

> On 8-22-02 you rec'd an amended federal sentence out of NE and you were sentenced to a term of 216 months. On your federal sentence you rec'd prior custody credit for the following time: 9-12-1996 thru 9-24-1996, 11-4-1996 thru 11-7-1996 & 1-2-1997 thru 2-25-1977.
> You were arrested on 6-5-1998 by state authorities in NE and remained in continuous custody and on 8-7-2000 you rec'd 2 state sentences. Verified with NE DOC that period of time from 6-5-1998 thru 8-7-2000 was credited towards the service of your state sentence. 18 USC 3585 b1b2 governs the application of prior custody and since your state time was credited on your state sentence [you] cannot be granted credit on your fed'l sentence. Your fed'l sentence began on 8-7-2000 and is computed accurately.

2

Petitioner does not indicate that he sought any further review of the above explanation and provides no contradiction of the above explanation other than stating, "Petitioner does not believe he was released on bail during any of the above referenced official detentions." The Court finds that Petitioner is not entitled to habeas relief on his claim that he has been wrongfully denied any time for prior custody. Accordingly,

> **IT IS ORDERED** that Petitioner's application for Habeas Corpus relief under 28 U.S.C. § 2241 is denied.

Dated this 3rd day of June, 2009

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulte
(SEAL)    DEPUTY